# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JONES individually and as next friend for L.C.R.B. and ADMINISTRATRIX FOR AND ON BEHALF OF ESTATE OF L.C.R.B as Plaintiff, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:24-cv-1265-STA-jay |
| vs. | ) ) | JURY DEMANDED |
| AMY LYNN BRASAHER et al., | ) ) | |
| Defendants. | ) | |

---

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 33, 34)**
**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**
**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT (ECF No. 48)**
**ORDER OF DISMISSAL**

---

This involves the death of a minor child after he was placed in the custody of his paternal grandparents. Plaintiff Kimberly Jones, the child's mother, now alleges that the Tennessee Department of Children's Services ("DCS") and its employees failed to investigate the abuse or take action to protect the child, either before placing the child in the custody of his grandparents or after signs of physical abuse were manifest. The child's teachers at his local Head Start program also failed to report the abuse. Plaintiff alleges that the DCS commissioner violated the child's Fourteenth and Eighth Amendment rights in violation of 42 U.S.C. § 1983. Plaintiff also seeks to hold the grandparents liable for wrongful death and the torts of assault and battery. Plaintiff alleges that a series of DCS employees, the child's Head Start teachers, the child's guardian ad litem, and

1

the child's father are all liable for negligence.

Before the Court are two Motions to Dismiss, the first (ECF No. 33) filed by Defendants State of Tennessee, DCS, Margie Quin in her official capacity as the DCS commissioner ("Commissioner Quin"), and DCS employees Rachel Wright and Brooklynn Lute; and the second (ECF No. 34) filed by Defendant Jamie Davis, the child's guardian ad litem.  Plaintiff has filed a response stating that she has no opposition to either Motions to Dismiss.  For the reasons set forth below, the Motions are **GRANTED**.

## BACKGROUND

The Court accepts the following fact allegations from the Complaint (ECF No. 5) for purposes of deciding Defendants' Motions to Dismiss.  L.C.R.B., a minor child just three years of age, was placed in DCS custody on September 20, 2023. Compl. ¶¶ 1, 29.  The Complaint names Defendant Brooklyn Lute as L.C.R.B.'s DCS case worker.  *Id.* ¶ 23.  L.C.R.B. went to DCS without the knowledge, acquiescence, or consent of his mother Plaintiff Kimberly Jones.  *Id*. ¶ 29. The Complaint does not allege any facts about who had custody of L.C.R.B. before the transfer to DCS custody or why L.C.R.B. was removed from that person's custody.  Once L.C.R.B. was in DCS custody, he began attending Head Start, a program operated by Defendant Southwest Human Resource Agency in Selmer, McNairy County, Tennessee.  *Id*. ¶ 30.

DCS then placed L.C.R.B. in the care of Defendants Amy Brasher and Jeff Paul Brasher ("the Brashers"), the child's paternal grandparents.  *Id*. ¶ 31.  Plaintiff does not allege what steps were taken before DCS transferred L.C.R.B. to the Brashers' custody, though the Complaint implies that a hearing was held.  Plaintiff alleges that the child had a guardian ad litem, Defendant Jamie Davis, *id*. ¶¶ 25, 34, and that Defendant Rachel M. Wright represented DCS at the hearing.

2

*Id.* ¶¶ 24, 35. Plaintiff also alleges that the child's father Defendant Lucas Lane Brasher agreed to have L.C.R.B. placed in the custody of his parents the Brashers. *Id.* ¶ 22. DCS failed to notify or obtain consent for the placement from Plaintiff. *Id.* ¶ 31.

According to the Complaint, DCS failed to perform a thorough investigation of the Brashers prior to placing L.C.R.B. in their custody. *Id.* Plaintiff alleges that the Brashers had a history of abusing their son and L.C.R.B.'s father, Lucas Lane Brasher. *Id.* Amy Brasher had once lost custody of her son, which made her unsuitable to have custody of a minor child. *Id.* ¶¶ 22, 31. After going to live with the Brashers, L.C.R.B. had sustained physical injuries and bruising to his face and body November and December 2023, all at the hands of the Brashers. *Id.* ¶ 32. L.C.R.B.'s injuries were visible and observable by the teachers at the Head Start program, Defendants Emily G. Russell, Meka L. Luster, Kara Mae Kirk, and Stephanie Hannah Jones ("the Head Start Teacher Defendants") as well as the administrator of the program Defendant Southwest Human Resources Agency. *Id.* Each of the Head Start Teacher Defendants was a mandatory reporter under state law and failed to notify the proper authorities or report the abuse. *Id.* Plaintiff alleges that the Brashers continued to abuse L.C.R.B. until they caused his death on December 26, 2023. *Id.* ¶ 33.

From these facts, Plaintiff alleges that DCS Commissioner Quin is liable in her official capacity for violations of L.C.R.B.'s constitutional rights under § 1983.[1]   Count One of the

---

[1] The Complaint also alleges that 42 U.S.C. § 12133 and 29 U.S.C. § 794a "authorize" Plaintiff's claims. Compl. ¶ 27. Title 42 U.S.C. § 12132 protects a "qualified individual with a disability" "by reason of such disability, . . . [from being] excluded from participation in or be[ing] denied the benefits of the services, programs, or activities of a public entity, or be[ing] subjected to discrimination by any such entity." § 12132. Section 12133, the code section cited by the Complaint, then states a person alleging disability discrimination in violation of § 12132 is entitled to all "remedies, procedures, and rights set forth in section 794a of title 29." § 12133. Under 29 U.S.C. § 794, no "otherwise qualified individual with a disability" "solely by reason of such

Complaint alleges that Commissioner Quin was deliberately indifferent to L.C.R.B.'s serious medical and mental health needs in violation of his rights under the Fourteenth Amendment. Count Two alleges that Commissioner Quin violated L.C.R.B.'s rights under the Eighth Amendment because "Defendants never checked on [L.C.R.B.'s] health, wealth, or safety" and "never provided L.C.R.B. with the medical and mental health treatment he needed." *Id.* ¶¶ 43, 44. Count Three seeks injunctive and declaratory relief against Commissioner Quinn, alleging that DCS violated its duty to protect L.C.R.B. by placing him with the Brashers. *Id*. ¶¶ 46–48. Count Four alleges that the Brashers are liable for L.C.R.B.'s wrongful death. Count Five alleges that the State of Tennessee, DCS, Lute (the DCS case worker), Davis (the guardian ad litem), Wright (the DCS attorney), Lucas Lane Brasher (L.C.R.B.'s father), and the Head Start Teacher Defendants are all liable for negligence. Count Six alleges that the Brashers are liable for the tort of assault and battery. Plaintiff seeks compensatory and punitive damages in the amount of $2 million.

In their Motion to Dismiss, the State of Tennessee, DCS, Commissioner Quin, and Wright and Lute ("the State Defendants") move for the dismissal of all claims against them. The State Defendants argue that the doctrine of sovereign immunity bars Plaintiff's § 1983 claims for money damages in Counts One, Two, and Three against Commissioner Quin in her official capacity. To the extent that Count Five alleges that certain State Defendants are liable for negligence, sovereign immunity also bars that claim. The State Defendants argue then that the claims should be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

---

disability" "shall be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." § 794. Title 29 U.S.C. § 794a(a)(2) specifies the remedies available for a violation of § 794.

Other than these passing references to the remedies sections of two different federal statutes prohibiting disability discrimination, Plaintiff has not alleged a claim for disability discrimination, either under 42 U.S.C. § 12132 or 29 U.S.C. § 794a.

Next, the State Defendants move for the dismissal of the claims against them for insufficient

process under Rule 12(b)(4).  The summons served by Plaintiff do not state the name of the Court

or the name and address of the attorney who represents Plaintiff.  And Plaintiff did not serve

Defendant Lute at all.  Finally, the State Defendants argue that the Complaint fails to state a

plausible claim for relief, making dismissal under Rule 12(b)(6) proper.

In his separate Motion to Dismiss, Jamie Davis, L.C.R.B.'s guardian ad litem, argues that

the Complaint fails to allege a plausible negligence claim against him.  Davis also argues that

Plaintiff lacks standing to sue him because he did not owe Plaintiff any duty as a guardian ad litem

and that Tennessee law cloaks Davis with qualified immunity from suit.

As the Court has already noted, Plaintiff has filed written responses to both Motions to

Dismiss and stated that Plaintiff has no opposition to them.

## ANALYSIS

"The plaintiff is the master of the complaint, and therefore controls much about her suit."

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 398–399 (1987)).  Based on Plaintiff's lack of opposition, the Court finds

that Plaintiff has conceded each of the issues raised in Defendants' Motions to Dismiss.  A

complete analysis of the issues would serve no purpose.  Therefore, the Court will **GRANT** the

Motions to Dismiss.  For the reasons argued in the Motions to Dismiss, Plaintiff's claims against

Defendants State of Tennessee, DCS, Commissioner Quin, Wright, Lute, and Davis are hereby

**DISMISSED with prejudice**.

Having now dismissed the only claims over which it had original jurisdiction, the Court

now considers whether it should continue to exercise supplemental jurisdiction over Plaintiff's

remaining claims, all of which Plaintiff alleges as a matter of Tennessee law.  Plaintiff's claims

for the violation of L.C.R.B.'s constitutional rights arose under 42 U.S.C. § 1983.  The Court had

original jurisdiction over the claims pursuant to 28 U.S.C. § 1331. § 1331 ("The district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States.").  Plaintiff's other claims for torts like wrongful death, negligence, and

assault and battery present questions of Tennessee law.  The Court exercises its jurisdiction over

that set of claims pursuant to 28 U.S.C. § 1367. § 1367(a) ("[I]n any civil action of which the

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United

States Constitution.").

      Once a federal court has dismissed all claims over which it had original jurisdiction, the

court may decline to exercise supplemental jurisdiction over a related claim if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Generally, "when a federal court dismisses all pending federal claims before

trial, . . . it is usually best to allow the state courts to decide state issues" by declining to exercise

supplemental jurisdiction.  *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021) (citing *Musson*

*Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).  Such a dismissal is

without prejudice to a party's right to bring the claim in a new proceeding in state court.  *Sampson*

*v. Garrett*, 917 F.3d 880, 883 (6th Cir. 2019).

The Court hereby declines to exercise supplemental jurisdiction over Plaintiff's state law claims for wrongful death, negligence, and assault and battery against the remaining Defendants. Plaintiff's state law claims are **DISMISSED without prejudice**. The pending Motion to Dismiss (ECF No. 48) filed by Defendant Southwest Human Resource Agency and the Head Start Teacher Defendants is **DENIED as moot**.  The Clerk of Court is directed to enter judgment.

      **IT IS SO ORDERED.**

                        **s/ S. Thomas Anderson**
                        S. THOMAS ANDERSON
                        UNITED STATES DISTRICT JUDGE

                        Date: May 16, 2025